Mr. Justice LIagneb.
delivered the opinion of the Court:
Washington B. Williams, in January, 1888, brought suit against Josephine R. Reid upon several promissory notes executed by her alone, dated August 4, 1887. Among the various defenses it was contended that as she "was the wife of Samuel D. Reid when the notes were'given, she was not liable upon them in an action at law. To this the reply of the plaintiff was that at the time of their- execution she was seized of separate property in her own right;' and also that she was permanently living apart from .her husband; and hence that judgment could be recovered against her under the provisions of Section 727 et seq. of our Revised Statutes.
*50 The facts appearing in the case are that in 1882 the husband received from the Government of the United States a considerable sum of money which he invested in several lots on Connecticut avenue, and caused them all to be conveyed to his wife. They remained in her name until 1885, when there was a litigation in the Equity Court between the husband and wife respecting the property, and a 'decree was passed, in virtue of which the husband and wife joined in a conveyance of the entire property to one Thompson, as trustee, who, by the same decree, was required to convey one-half of the property to the husband in his own right, and to convey the other half to a trustee for the benefit of the wife. Thompson, in July of that year, conveyed to Hassan, as trustee for Mrs. Reid, one-half of the property. The language of the deed is that Hassan, as trustee for Mrs. Reid, “shall be, and is hereby, vested with the title in fee simple of the aforesaid real estate for the said Josephine R. Reid and her heirs, with full power, at her request in -writing, to sell and convey the same in fee, or for auy lesser estate, or to encumber the same by mortgage, or deed of trust, and subject to such disposition thereof as she may make by her last will and testament; the said real estate to be free and discharged from any right, title, claim or demand of the said Samuel D. Reid, of any kind whatsoever therein or thereto.” The record title of the property remains in this position now. At the trial evidence was offered and admitted against the objection of the defendant, to the effect that when Mrs. Reid made a purchase from Williams of a quantity of furniture, for which these notes were given, she stated she bought it for the purpose of furnishing a house which belonged to her (and which it was admitted was part of the property, so conveyed to Hassan, as trustee); that she had abundance of property, and was answerable for the debt and would pay it herself. It was insisted that this presented a case within the principle laid down by this court in one of the Garland cases. *51 There a married woman who owned a house in her own right purchased furniture, as she represented at the time; for the purpose of rendering the house rentable as a boarding house, and the court held she was liable at law for the purchase; likening it to a Vermont case where a married woman purchased stock and farming implements to cultivate a farm belonging to her separate estate.
We do not think the facts justify the application of the principle of that case to the present.
In the first place it is clear the conveyance of this property to the trustee invested him with active duties, and not only with a dry legal title. The use, therefore, not being executed in the wife at the time, the legal title remained in the trustee, and she is entitled only to an- equity in the property; an interest not liable to be seized on execution if this plaintiff should recover a judgment at law in this jurisdiction against her.
In the second place this property undoubtedly was acquired from the husband during coverture, within the meaning of our statute. Section 727, R. S. D. C., declares:
“In this District thé rights of any married woman to any property, personal or real, belonging to her at the time of marriage, or acquired during marriage, in any other way than by gift or conveyance from her husband, shall be absolute aá if she were unmarried, and shall not be subject to the disposal of her husband nor be liable for his debts.”
This property, we hold, was in the category described in the exception. A discrimination is attempted to be made because she now holds the property under the decree of chancery and the trust deed made in pursuance of that decree, and not by direct conveyance from her husband. But the whole property originally belonged to the husband, and was vested in her in consequence of his gift, and the formal fact that it was afterwards conveyed by them both to Thompson for the purpose of securing to her the part she •now holds, and that through the intervention of the court *52 a different form of conveyance lodged the part now in controversy in Hassan, her trustee, does not change the principle. The inquiry must be, whence did it come originally ? She first acquired it by conveyance from her husband during coverture; and -while it remained in that shape it -was directly within the words of the exception. To allow a formal change like that effected by the decree to destroy the effect of the original gift of the property to' her by her husband during the coverture, would be to frustrate entirely the admirable purposes of this provision and encourage knaves to attempt to withdraw their property from liability to their creditors by lodging it in the hand's of trustees for the benefit of their waves. What could not be done by deed from the husband directly to the wife, should not be capable of accomplishment in this indirect way, which -would be an inadmissible device for evading the law.
This particular point does not appear to have been presented in our reports; but it is noticed in Kaiser at al vs. Stickney & Crosswell, commissioners of the Freedman’s Having and Trust Company, decided by the Supreme Court of the United States at the October term, 1880. The case is not contained in the Supreme Court Reports, but is to be found in the Co-operative Reports, Book 26, page 170.
Kaiser, in 1869, conveyed the land there in dispute to Johnson, who re-conveyed it immediately to Caroline Kaiser, the wife of the first grantor. Afterwards the husband joined her in a mortgage of the land; and the sufficiency of the conveyance by Johnson to vest the title in the wife as her sole and separate estate was a question before the court, which Chief Justice Waite disposed of in these words: “It is very clear the property was not, under Sec. 727, R. S. D. C., the sole and separate property of Mrs. Kaiser.”
We think on these grounds the wife is not liable at law for this debt.
*53 It was Insisted also on behalf of the plaintiff that the facts of this case brought it within another principle, that in certain cases where the husband and Avife have been living apart for a long time, suit may be maintained against the Avife herself as if she were a feme sole. In 2 Kent. Com,., 155, the whole subject is discussed; and also in 1 Peters, 108, in the case of Rhey vs. Rhenner. The doctrine A?as there held to apply where a woman married a foreigner aaTio continued to reside out of the realm; or where the husband had abjured the realm; or had left it and persistently remained abroad for a long time, abandoning his family. In the case in 1 Peters, the husband had been continuously absent seven years. In the case of a divorce a mensa et thoro, there was a similar ruling. But no such circumstances exist here. The separation of the parties Avas too short to bring the case within the most liberal construction the rule would admit. The deed to Iiassan, the trustee, was executed July 31, 1885, and that was the date at which these persons parted company and agreed to live apart. The note was given in August, 1887, which was only two years and one month afterwards, and the suit as brought the following January, which was less than three years after the separation. None of the cases maintain the right to sue the wife alone after so short an interval of absence, while the parties continue to reside in the same jurisdiction.

The judgment is reversed and a new trial granted.